[No. 6,761.—Department One.]

FRANKLIN D. COTTLE v. PETER MORRIS ET AL.

VERDICT—INSTRUCTION.—In ejectment, upon the plea of the Statute of Limitations, the jury were instructed that good faith entered into the question of adverse holding; the jury found specially that the possession of the defendant was not upon a claim of right in good faith; they also found that his possession was adverse to plaintiff, and had continued five years; *held*, that if good faith was material, the verdict was contradictory; and if not material, a new trial should be granted on account of the instruction.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Twenty-third District Court, City and County of San Francisco.   THORNTON, J.

The following is the instruction referred to in the opinion: "The actual occupation of the land by fences, buildings, or such improvements as reduces it to the absolute control of the occupant, to the exclusion of all other occupants, said occupant claiming title thereto in good faith, in the belief that he has a good right to the premises against plaintiff, and with the inten-

tion to hold them against the title of plaintiff, constitutes adverse possession."

After the decision, the respondent filed his petition that the appeal be reheard in Bank, and the application was denied.

*M. C. Hassett.* for Appellants.

The third and fourth findings of the jury contain and embody within them all the essential legal elements of adverse possession necessary to make out a complete defense under the plea of the Statute of Limitations. (Code Civ. Proc. §§ 318–325; *Mc-Cracken* v. *City and County of San Francisco*, 16 Cal. 591; *Simson* v. *Eckstein*, 22 id. 581; *Arrington* v. *Liscom*, 34 id. 381; *Cannon* v. *Stockmon*, 36 id. 540; *Farrish* v. *Coon*, 40 id. 57; *Thompson* v. *Pioche*, 44 id. 509; *Dorland* v. *Magilton*, 47 id. 485; *McManus* v. *O'Sullivan*, 48 id. 16.)

2nd. The special findings of the jury having been found for the defendants, and being inconsistent with the general verdict, the former controls the latter, and judgment should have been given for defendant accordingly. (Code Civ. Proc. § 625; *Leese* v. *Clark*, 20 Cal. 426; *McDermott* v. *Higby*, 23 id. 489.)

The second question submitted to the jury, " Was it, under a claim of right, made in good faith?" is not a distinct and controlling element of a defense under the statute, as contra-distinguished and separate from the term " adverse possession."

The law is now well settled, that it is of no consequence whether the defendants' " claim of title " is made in good or bad faith, honest or dishonest, provided the possession has been *adverse; that is, inconsistent with the title of the claimant who is out of possession.*

" It is the nature of the Statute of Limitations, when applied to civil actions, to mature a wrong into a right by cutting off the remedy. To warrant its application in ejectment, the books require color of title by deed or other documental semblance of right in the defendant, *only when the defense is founded on a constructive adverse possession.*" (*Humbert* v. *Trinity Church*, 24 Wend. 587; *Bogardus* v. *Trinity Church*, 4 Sandf. Ch. 633–738; *Munroe* v. *Merchant*, 26 Barb. 383–402.)

*B. S. Brooks*, for Respondent.

In *McCracken* v. *The City*, 16 Cal. 635, it is said, that "to render a possession adverse, so as to set the Statute of Limitations in motion, it must be accompanied with *a claim of title*, and this claim, when founded upon a written instrument, as being a conveyance of the premises, must be asserted in good faith in the belief that he has good right to the premises.

In the following cases, in this Court, the "claim of title" is commented upon as a necessary element of the defense. (*Nieto* v. *Carpenter*, 21 Cal. 455; *Page* v. *Fowler*, 28 id. 605; *King* v. *Randlett*, 33 id. 318; *Sharp* v. *Daugoney*, 33 id. 505; *Simson* v. *Eckstein*, 22 id. 580; *LeRoy* v. *Rogers*, 30 id. 229.) And the same has been held in many recent cases, down to *Thompson* v. *Felton*, 54 Cal. 547.

The COURT:

In this action, which is ejectment, the defendants pleaded, among other defenses, the Statute of Limitations. The jury returned a general verdict for the plaintiff, and the following answers to the following special issues: " 2. Was it (the possession of the land by the defendants), under a claim of right, made in good faith? No. 3. Was it adverse to plaintiff? Yes. 4. Did it continue for five years uninterruptedly before the commencement of this action? Yes."

Assuming that the question of good faith entered into the question of adverse possession (and the Court below instructed the jury that it did), the finding that defendants held adverse possession of the disputed premises necessarily included a finding that such holding was in good faith. But the jury in another and distinct finding declared that the holding was not, under a claim of right, made in good faith. Upon the assumption that the question of good faith was material, the findings on the question of adverse possession were therefore contradictory. On the other hand, if the question of good faith was immaterial, the finding that defendants had held adverse possession of the premises for the statutory period would control the general verdict, and the defendants would be entitled to judgment on

the verdict. But as the case was submitted to the jury upon the theory that good faith was a necessary element in the defense of adverse possession, and as upon that theory the findings of the jury are contradictory, we think it proper to remand the cause for a new trial.

Judgment and order reversed, and cause remanded for a new trial.